**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erik Nielsen, | No. CV-15-00681-PHX-JZB |
| Plaintiff, | **ORDER** |
| v. | |
| Adam Moore, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Default Judgment. (Doc. 17.) Defendant Adam Moore was personally served with the Complaint and Summons on April 25, 2015. (Doc. 6.) On May 18, 2015, Defendant filed his Answer to the Complaint. (Doc. 8.) After Defendant failed to comply with LRCiv 3.7 and to appear before Judge Bolton as ordered by the Court, the Clerk of Court entered default against Defendant on July 24, 2015. (Doc. 16.) Plaintiff now moves the Court to enter Default Judgment. (Doc. 17.) For the reasons below, the Court will grant Plaintiff's Motion.

**I.  Background**

On April 15, 2015, Plaintiff filed his Complaint in this matter, asserting claims against Defendant for violations of Fair Labor Standards Act, 29 U.S.C. § 207, *et seq.* (FLSA), and the Arizona Wage Act, A.R.S. §§ 23-350, *et seq.* (AWA). More specifically, Plaintiff alleges that Defendant hired Plaintiff in December 2014 as a security guard, at the agreed upon wage of $10.50 an hour. Plaintiff asserts his usual shifts were 12 hours, without breaks or meal periods. (Doc. 1 ¶¶ 8-12.)

Plaintiff alleges that he performed non-exempt work during his employment: he was not a manager, he did not supervise any other employee, he did not direct the work of two or more employees, and he did not exercise discretion and independent judgment with regard to matters of significance. (*Id.* ¶¶ 14-19.) Plaintiff asserts that Defendant required Plaintiff to complete time sheets, which showed all of the hours he worked. (*Id.* ¶ 21.) Further, Plaintiff claims that Defendant failed to pay him for any work he performed during the period of January 16, 2015, through March 4, 2015. (*Id.* ¶¶ 22-24.) Plaintiff also asserts that Defendant did not pay Plaintiff for overtime from December 26, 2014 through March 4, 2015. (*Id.* ¶¶ 23, 26.) According to Plaintiff, Defendant's failure to pay Plaintiff overtime due violated the FLSA, and his failure to pay Plaintiff wages owed violated the AWA. (*Id.* ¶¶ 43-57.) Plaintiff asserts that Defendant's failure to pay Plaintiff "was willful, unreasonable, and in bad faith." (*Id.* ¶¶ 40-41, 54.) In his Complaint, Plaintiff further seeks declaratory judgment against Defendant, stating that Defendant's actions described above violate the FLSA. (*Id.* ¶¶ 58-69.)

Plaintiff personally served Defendant with the Summons and Complaint on April 25, 2015. (Doc. 6.) On May 18, 2015, Defendant filed an Answer to Plaintiff's Complaint. (Doc. 8.) On the same day, the Clerk sent Defendant instructions that he must complete and submit to the Court the attached consent form no later than 14 days after an entry of appearance. (Doc. 11.) On June 9, 2015, after Defendant failed to submit a completed consent form, Judge Bolton ordered Defendant to appear on June 29, 2015 and show cause for his failure to comply with LRCiv 3.7(b). (Doc. 12.) However, Defendant failed to appear at the scheduled hearing. (Doc. 13.) Therefore, on July 14, 2015, Judge Bolton struck Defendant's Answer and directed the Clerk to enter default against him. (Doc. 15.) On the same day, the Clerk entered default. (Doc. 16.)

On July 20, 2015, Plaintiff filed his pending Motion for Default Judgment. (Doc. 17.) Plaintiff requests the Court enter judgment in his favor for a total of $11,844 in damages, $4,156 in attorneys' fees, $530.20 in costs, post-judgment interest, and any attorneys' fees and costs Plaintiff incurs in enforcing the default judgment. (Doc. 17 at 5-

6.) Below, the Court addresses Plaintiff's requests.

**II.  Discussion**

    **a. Jurisdiction**

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Although Plaintiff's Motion does not address jurisdiction, this Court must determine whether it has subject matter jurisdiction over the action and personal jurisdiction over the defaulting Defendant. *See id.* (where the Court properly raised, *sua sponte*, the issue of whether it could exercise personal jurisdiction over Iraq before deciding whether it could enter default judgment against it). This will "avoid ent[ry] [of] a default judgment that can later be successfully attacked as void." *Id.*

Here, Plaintiff brings this action, in-part, pursuant to a federal statute, the FLSA. Therefore, the Court is satisfied it has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The Court further has supplemental jurisdiction over Plaintiff's related state law claim brought under the AWA. *See* 28 U.S.C. § 1367 ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). With regard to personal jurisdiction, the Complaint alleges that Defendant at all material times was a resident of Maricopa County, Arizona, and Defendant owns, operates, and manages a security company under the registered trade name Confidential Protection, which has its headquarters in Maricopa County, Arizona. (Doc. 1 ¶¶ 6-7.) Further, Defendant was personally served at an address in Mesa, Arizona. (Doc. 6.) The Court is thus satisfied that it has personal jurisdiction over Defendant.

### b. Entry of Default Judgment

#### i. Rule 55 of the Federal Rules of Civil Procedure

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk shall enter the party's default." Once a party's default has been entered, the district court has discretion to grant default judgment. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (considering lack of merit in plaintiff's substantive claims, the court did not abuse its discretion in declining to enter a default judgment). Here, the Clerk of Court has entered Defendant's default. Thus, the Court may consider Plaintiff's request for default judgment against Defendant.

#### ii. The *Eitel* Factors

When deciding whether to grant default judgment, the Court considers the following "*Eitel*" factors: "(1) the possibility of prejudice to the plaintiff[;] (2) the merits of the plaintiff's substantive claim[;] (3) the sufficiency of the complaint[;] (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect[;] and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In applying the *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). As detailed below, the Court finds that the factors weigh in favor of granting Plaintiff's Motion for Default Judgment against Defendant.

#### 1. Possible Prejudice to Plaintiff

The first *Eitel* factor weighs in favor of granting Plaintiff's Motion. Plaintiff served Defendant on April 25, 2015. (Doc. 6.) Although Defendant initially answered the Complaint, he failed to comply with Judge Bolton's June 9, 2015 and June 30, 2015 Orders and, therefore, the Court struck Defendant's Answer from the docket and the Clerk entered default against him. In view of Defendant's default, Plaintiff has no

alternative means by which to resolve his claims. *See Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Therefore, Plaintiff will be prejudiced if a default judgment is not entered.

### 2. Merits of Plaintiff's Claims and the Sufficiency of the Complaint

Considering the relationship between the second and third *Eitel* factors, the Court considers the merits of Plaintiff's substantive claims and the sufficiency of the Complaint together. The Ninth Circuit has suggested that, when combined, these factors require a plaintiff to "state a claim on which the plaintiff may recover." *PepsiCo, Inc*., 238 F. Supp. 2d at 1175 (citation omitted).

Plaintiff has set forth clear allegations that he was employed by Defendant as a non-exempt, non-managerial hourly employee at a regular rate of $10.50 per hour; that under the FLSA, he was entitled to time-and-a half for any work beyond forty hours in a calendar week; and that during his period of employment by Defendant, he worked hours of regular time for Defendant for which he was not paid, and he worked hours of overtime for Defendant for which he was not paid. (Doc. 1.) The Court takes these well-pleaded factual allegations in the Complaint as true, as it must. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). Accordingly, these factors weigh in favor of the entry of default judgment.

### 3. Amount of Money at Stake

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Here, this factor weighs in favor of entering default judgment. Plaintiff has satisfactorily proven up his damages in this matter at the February 10, 2016 hearing and through the exhibits he submitted. Further, Plaintiff's damages are not extraordinary at $11,844.

### 4. Possibility of Dispute Concerning Material Facts

This factor weighs in favor of entering default judgment. Plaintiff was able to identify his employer through registration with the Arizona Corporation Commission and

through the timesheets he maintained during his period of employment with Defendant. Although Defendant initially appeared in this action and disputed some of Plaintiff's allegations in his Answer, the Court struck that Answer from the docket and Defendant has since failed to appear.

### 5. Whether Default Was Due to Excusable Neglect

The sixth *Eitel* factor considers whether the default was due to excusable neglect. There is no evidence that Defendant's failure to appear or otherwise defend was the result of excusable neglect. Plaintiff has diligently prosecuted this matter since its inception, while Defendant, who received proper service in this case, has failed to comply with the Court's Orders and otherwise failed to defend this action. Thus, the sixth *Eitel* factor weighs in favor of default judgment.

### 6. Policy Disfavoring Default Judgment

Under the seventh *Eitel* factor, the Court considers the policy that, whenever possible, cases should be tried on the merits. *Eitel*, 782 F.2d at 1472. The existence of Rule 55(b), however, indicates that the preference for resolving cases on the merits is not absolute. *PepsiCo, Inc.*, 238 F. Supp. 2d. at 1177. Because Defendant has neither appeared nor responded in this action, deciding this case on the merits is "impractical," if not impossible. *Id.* Thus, the seventh *Eitel* factor does not preclude the entry of default judgment.

On balance, the Court finds that the *Eitel* factors weigh in favor of entering default judgment against Defendant.

### c. Damages

Having found that entry of a default judgment is proper here, the issue becomes one of damages. In contrast to the other allegations in the Complaint, allegations pertaining to damages are not taken as true. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). As a result, "Plaintiff is required to prove all damages sought in the complaint." *Philip Morris USA Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003). "The plaintiff is required to provide evidence of its

damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011); Fed. R. Civ. P. 54(c). "In determining damages, a court can rely on the declarations submitted by the plaintiff[.]" *Philip Morris USA*, 219 F.R.D. at 498.

On the issue of damages, at the February 10, 2016 hearing on the instant Motion, the Court inquired about the justification for calculating damages. The Court is satisfied as to the methodology and justification for calculating damages, and will award Plaintiff damages of $11,844. That figure includes damages of $2,184 for hours Plaintiff worked but was not paid at all, which damages are trebled pursuant to A.R.S. § 23-250 to $6,552; and $2,646 for unpaid overtime wages, which are doubled pursuant to 29 U.S.C. § 216(b) to $5,292.

Plaintiff's counsel has submitted sufficient briefing and billing records, supported by Declaration, on the issue of attorneys' fees incurred to date. (Doc. 17-1.) The Court finds that the fees as submitted are reasonable and awards Plaintiff $4,156 in attorneys' fees. Similarly, upon a finding that taxable costs are adequately documented and supported, the Court awards Plaintiff $530.20 in costs.[1]

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 17) is granted as provided in this Order.

**IT IS FURTHER ORDERED** that pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Judgment be entered in favor of Plaintiff and against Defendant Adam Moore in the amount of $11,844 until paid in full; together with reasonable attorneys' fees in the amount of $4,156, and taxable costs in the amount of $530.20.

---

[1] Plaintiff also requests that the Court award him "any costs and attorneys' fees incurred in enforcing the judgment against Defendant." (Doc. 17 at 6.) Plaintiff fails to provide any authority for such a post-judgment award, and, even if Plaintiff were entitled to such relief, he did not specifically request it in his Complaint. Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). Therefore, the Court will not award additional fees and costs beyond the $4,156 and $530.20 amounts discussed above.

These amounts shall bear interest at the federal rate from the date of Judgment until paid.

Dated this 24th day of February, 2016.

_____
Honorable Stephen M. McNamee
Senior United States District Judge